UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH ANDREW PERKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:24-cv-01674-SRC |
| DONNA ANDERSON, | ) ) ) |
| Defendant. | ) ) |

**Memorandum and Order**

Self-represented Plaintiff Kenneth Andrew Perkins is a civilly committed resident of the Missouri Department of Mental Health's Sex Offender Rehabilitation and Treatment Services (SORTS) program. Doc. 1 at 2 (The Court cites to page numbers as assigned by CM/ECF.). He filed a complaint alleging that Missouri's Sexually Violent Predator Act (SVP Act)—under which he is committed—violates his constitutional rights as a first-time felon. *See* doc. 1-4 at 1. Perkins also filed motions for appointed counsel, docs. 2, 8, and a motion for leave to proceed *in forma pauperis*, doc. 6. The Court grants Perkins leave to proceed *in forma pauperis* and waives the filing fee. Now, on initial review under 28 U.S.C. § 1915(e)(2), the Court dismisses Perkins' case for failure to state a claim upon which relief may be granted, and denies his motions for appointed counsel as moot.

    **I.**    **Background**

In 1998, Missouri enacted the Missouri Sexually Violent Predator Act, which allows for the civil commitment of individuals that a judge or jury deems—by clear and convincing evidence—sexually violent predators. *Van Orden v. Stringer*, 937 F.3d 1162, 1165 (8th Cir. 2019); *see generally* Mo. Rev. Stat. § 632.480–525. A sexually violent predator (SVP) is someone who has a "mental abnormality which makes the person more likely than not to engage

in predatory acts of sexual violence if not confined in a secure facility." *Van Orden*, 937 F.3d at 1165 (quoting section 632.480(5)) (internal quotations omitted). Each SVP committed to a facility undergoes annual evaluations; if the director of the department of mental health (or his designee) determines that an SVP "is no longer likely to commit acts of sexual violence, then he shall authorize the person to petition the court for release." *Id.* at 1166 (citing section 632.498) (internal quotations omitted).

Perkins was deemed a sexually violent predator at trial and was committed to the Southeast Missouri Mental Health Center in Farmington, Missouri to participate in the Missouri Department of Mental Health's SORTS program. *See* doc. 1-4 at 2–3. He brings this action against Donna Anderson in her official capacity as the Chief Executive Officer of the mental health center, alleging that the SVP Act violates his equal protection rights under the Fourteenth Amendment and his right to be free of cruel and unusual punishment under the Eighth Amendment. *See id.* at 1.

## II. Standard

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To properly state a claim, a plaintiff must present more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Determining whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw upon its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted). The Court must "accept as true the facts alleged, but not legal conclusions or '[t]hreadbare recitals of the elements of a

2

cause of action, supported by mere conclusory statements.'" *Barton*, 820 F.3d at 964 (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

When reviewing a pro se complaint under section 1915(e)(2), the Court must give the complaint the benefit of a "liberal construction," meaning that "if the essence of an allegation is discernible[,] . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *See id.* (explaining that even in a pro se case, federal courts need not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). Finally, affording a pro se complaint the benefit of a liberal construction does not mean that courts should interpret the procedural rules of civil litigation "so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### III. Discussion

#### A. Equal Protection

Under the Fourteenth Amendment's Equal Protection Clause, no state shall "deny any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The Clause "does not guarantee that all persons must be dealt with in an identical manner." *Mills v. City of Grand Forks*, 614 F.3d 495, 500 (8th Cir. 2010) (citing *Baxstrom v. Herold*, 383 U.S. 107, 111 (1966)). But "it does require that a distinction made have some relevance to the purpose for which the classification is made." *Baxstrom*, 383 U.S. at 111. "[L]egislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Adam & Eve Jonesboro, LLC v. Perrin*, 933 F.3d 951, 959 (8th Cir. 2019) (alteration in original) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S.

3

432, 440 (1985)). A "classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity." *Heller v. Doe*, 509 U.S. 312, 319 (1993). And these classifications "cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Id.* at 320.

Perkins alleges that under the Equal Protection Clause of the Fourteenth Amendment, he should be given "the same opportunities as everyone else who committed their first felony and then was released from prison to show that retribution and deterrence was enough to keep them from reoffending." Doc. 1-4 at 1. Perkins states that he should be afforded the same rights as all other first-time felons, and that Missouri's statutory structure treats him differently because he is classified as an SVP. *See id.* But Perkins has made no claim involving fundamental rights implicated by Missouri's SVP Act. Nor has Perkins cited cases in which SVPs or other felons have been treated as a suspect class, and the Court has found none. *See Branson v. Piper*, No. 19-1956, 2022 WL 302610, at *1 (8th Cir. Feb. 2, 2022) (noting that "sex offenders are not a suspect class" (citing *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999))); *Doe v. Moore*, 410 F.3d 1337, 1346 (11th Cir. 2005) (noting that "sex offenders are not considered a suspect class in general"); *Rem v. U.S. Bureau of Prisons*, 320 F.3d 791, 795 (8th Cir. 2003) ("Convicted drug traffickers are not a suspect class.").

Because Perkins's claim does not involve fundamental rights, and he is not a member of a suspect class, Missouri's SVP Act need only be rationally related to a legitimate state interest to survive Perkins's equal protection challenge. *See Adam & Eve Jonesboro*, 933 F.3d at 959. The law enjoys "a strong presumption of validity, and those attacking the rationality of the legislative classification have the burden to negative every conceivable basis which might support it."

4

*F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 314–15 (1993) (internal citation and quotations omitted).

The Court finds that Perkins cannot state a plausible claim that Missouri's SVP statutes are not rationally related to a legitimate government interest. The purpose of Missouri's SVP Act is "to protect society and provide mental health treatment to SVPs." *See Blum v. Schmitt*, No. 4:18-CV-1203-CDP, 2021 WL 1088101, at *9 (E.D. Mo. Mar. 22, 2021); *In re Care & Treatment of Coffman*, 225 S.W.3d 439, 445 (Mo. 2007) (en banc) ("The basis for allowing indefinite commitment of sexually violent predators is to protect society from dangerous persons."). States have the authority under their "police power to protect the community from the dangerous tendencies of some who are mentally ill." *Addington v. Texas*, 441 U.S. 418, 426 (1979). Protecting society from SVPs is a legitimate state interest. *See United States v. Timms*, 664 F.3d 436, 449 (4th Cir. 2012) (finding that federal civil commitment of sexually dangerous persons was based on a legitimate government interest in protecting the public from harm); *Gale v. Moore*, 763 F.2d 341, 343–44 (8th Cir. 1985) (concluding that Missouri's law enabling different parole treatment for sex offenders was rationally related to the objective preventing sex crimes and promoting rehabilitation). And Missouri's SVP Act, *see* Mo. Rev. Stat. § 632.480–525, designed to civilly commit individuals likely to engage in sexual violence if released, is rationally related to this interest. *See, e.g.*, *Karsjens v. Piper*, 845 F.3d 394, 409 (8th Cir. 2017) (finding Minnesota's SVP statute rationally related to the State's legitimate interest in protecting its citizens); *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1016 (8th Cir. 2006) ("[W]e further agree with the district court that the residency restriction applied to . . . sexually violent predators is rationally related to the State's legitimate interest in protecting the safety of children.").

Perkins has not established that he is a member of a suspect class and Missouri's SVP Act is rationally related to a legitimate government interest. Therefore, Perkins has not stated a plausible claim that his equal protection rights have been violated by Missouri's SVP statute. Thus, the Court dismisses these claims for failure to state a claim upon which relief may be granted.

### B.    Eighth Amendment Claims and Substantive Due Process

Perkins alleges his confinement as an SVP is cruel and unusual in violation of the Eighth Amendment because he is "forced to do treatment without being able to show that the legal means of intervention was enough to deter me from reoffending." Doc. 1-4 at 1. Missouri's SVP statute is a civil statute, not a criminal one. *See Allen v. Illinois*, 478 U.S. 364, 368–69 (1986) (concluding that a similar Illinois SVP statute was civil and not criminal); *Addington,* 441 U.S. at 428 ("In a civil commitment state power is not exercised in a punitive sense. . . . [A] civil commitment proceeding can in no sense be equated to a criminal prosecution."). Therefore, the Eighth Amendment does not apply to it. *See Senty-Haugen v. Goodno*, 462 F.3d 876, 889 (8th Cir. 2006) ("The parties agree that the Eighth Amendment is not applicable to this claim because [civilly committed Defendant] was not a prisoner. . . . [T]his claim thus falls under the due process clause of the Fourteenth Amendment."); *see also Kansas v. Hendricks*, 521 U.S. 346, 369–71 (1997) (concluding similarly that the Ex Post Facto and Double Jeopardy clauses do not apply to civil commitment because they only apply to criminal matters); *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004) (concluding that "the Eighth Amendment does not apply" to a committed psychiatric patient because he "is confined for treatment rather than incarcerated for the purpose of punishment following conviction"). Perkins is thus unable to state a claim under the Eighth Amendment.

But since the "Fourteenth Amendment, not the Eighth Amendment, is the appropriate source for determining the rights of the civilly committed," *Coffman v. Blake*, No. 4:06-CV-00149-JCH, 2006 WL 3538798, at *4 (E.D. Mo. Dec. 7, 2006); *see Senty-Haugen,* 462 F.3d at 889 (claims by non-prisoners "fall[] under the due process clause of the Fourteenth Amendment"), the Court will assume that Perkins meant to assert a substantive due process claim under the Fourteenth Amendment against Missouri's SVP statute.

"[T]o prevail on an as-applied due process claim," a litigant "must demonstrate *both* that the state defendants' conduct was conscience-shocking, *and* that the state defendants violated one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Karsjens*, 845 F.3d at 408 (internal quotations and brackets omitted). "[T]he appropriate standard is whether [the law] bears a reasonable relationship to a legitimate government purpose." *Id.* at 409.

In *Karsjens*, Minnesota's law that allows for the civil commitment of "sexually dangerous person[s]" was challenged as a violation of substantive due process. *Id.* at 398–99. The Eighth Circuit concluded that "Minnesota has a real, legitimate interest in protecting its citizens from harm caused by sexually dangerous persons or persons who have a sexual psychopathic personality." *Id.* at 409. And Minnesota's law was reasonably related to that interest so long as it was "programmed to provide treatment and periodic review." *Id.* Because Minnesota's law was aimed at providing treatment and embedded periodic re-evaluation into its program, the law was constitutional. *See id.*

Similarly, in *Van Orden*, the Eighth Circuit dismissed a suit filed by a class of plaintiffs alleging that the Missouri SVP Act at-issue here violated their substantive due process rights. *See* 937 F.3d at 1167–68. The court stated that while civilly committed residents "have a liberty

7

interest in freedom from state custody," "their liberty was constrained in accordance with due process of law." *Id.* at 1167. All residents in the case "were adjudicated as sexually violent predators in the Missouri courts." *Id.* And while a "civilly-committed person also has a liberty interest in gaining release from detention if the reasons that justified the commitment no longer exist[,] . . . Missouri law provides a procedure under which a committed person can petition for release. *Id.* (internal citations omitted). Therefore, the law is facially valid. *See id.* at 1167–71.

As in *Karsjens*, and as the court found in *Van Orden*, Missouri's law passes scrutiny on these facts. The law has a legitimate interest in protecting society and providing mental health treatment to SVPs. *See Blum*, 2021 WL 1088101, at *9 (E.D. Mo. Mar. 22, 2021); *In re Care & Treatment of Coffman*, 225 S.W.3d at 445 ("The basis for allowing indefinite commitment of sexually violent predators is to protect society from dangerous persons."). And Missouri's law is reasonably related to that legitimate interest, since it is "programmed to provide treatment and periodic review." *Karsjens*, 845 F.3d at 409; *see also Van Orden*, 937 F.3d at 1167. Each committed resident undergoes annual evaluations, reviewed by the court that committed that resident; if the director of the department of mental health (or his designee) determines that an SVP "is no longer likely to commit acts of sexual violence, then he shall authorize the person to petition the court for release." *Van Orden*, 937 F.3d at 1166 (citing Mo. Stat. Rev. § 632.498) (internal quotations omitted). Therefore, Perkins's claim that he is not given the opportunity to show his behavior has changed, *see* doc. 1-4 at 1, is incorrect. In addition, Perkins can petition the court that committed him for release and is entitled to a hearing to determine whether he continues to suffer from a mental abnormality that makes him likely to engage in sexually violent acts. *Id.* at § 632.498.2–4.

Finally, to the extent Perkins challenges his status as an SVP because his underlying offense was not violent, *see* doc. 1-4 at 3, his argument is unavailing. Missouri law defines

"sexually violent offense" as "the felonies of . . . child molestation in the first, second, third, or fourth degree . . . ." Mo. Rev. Stat. § 632.480(4). Perkins pled guilty to one count of child molestation in the first degree. *See State v. Perkins*, No. 04CR834332-01 (42nd Jud. Cir. filed Apr. 15, 2005); doc. 1-4 at 2. This conviction falls squarely within Missouri's definition of a sexually violent offense.

Perkins has not established a plausible claim that his Eighth or Fourteenth Amendment rights have been violated by Missouri's SVP statute. The Court thus dismisses these claims for failure to state a claim upon which relief may be granted.

### IV.   Conclusion

For the reasons describe above, the Court grants Perkins's [6] motion to proceed without prepayment of fees and costs, and dismisses his complaint for failure to state a claim upon which relief may be granted. The Court denies as moot Perkins's [2] [8] motions to appoint counsel. An Order of Dismissal accompanies this Memorandum and Order.

So ordered this 26th day of September 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

9